T. C. LEAK, Adm'r, v. SOL BEAR & BROS.

*Contract—Railroad Bonds—Recognition of.*

Where a note executed on the 5th of July, 1869, was made "demandable and payable as soon as and not before the legislature shall pass an act recognizing *a certain class of bonds,*" *it was held,* in an action on the note :—

(1) By the provisions of ch. 175, acts 1874-'75, the state recognized the bonds so issued as valid.

(2) The note, in legal effect, imports a promise to pay on that contingency.

(3) According to the true construction of the contract, a right of action accrued to the plaintiff upon said recognition, and that he is entitled to judgment for the value of the note.

CIVIL ACTION tried at Fall Term, 1878, of RICHMOND Superior Court, before *Buxton, J.*

The plaintiff brought this action on a note of which the following is a copy:  " We promise to pay James P. Leak (plaintiff's intestate) or order three hundred and fifteen dollars, demandable and payable, as soon as and not before the legislature of North Carolina shall pass an act recognizing a certain class of bonds, embracing bonds from Nos. 3,786 to 4,000 inclusive, issued under act 16th Feb'y 1861, in favor of the Wilmington, Charlotte and Rutherford railroad, for value received,"—dated July 5th, 1869, and signed by defendants.   It was alleged that said bonds were issued, to secure the completion of the road, and that by an act ratified on the 17th day of March, 1875, the legislature did recognize that class of bonds which then became due and demandable, and demand was made for payment of the note, which was refused.   The defendants admitted the execution of the note, but deny the recognition of the bonds as aforesaid, and the demand for payment of the note, and alleged that the condition upon which the note was made

has not yet been performed. But upon a case agreed it was admitted that the treasurer of the state refused to issue the bonds as provided in various acts of assembly in regard to the above, and especially in the act to compromise, commute and settle the public debt, ratified on the 17th of March, 1875, in exchange for the bonds recognized by the said acts; and that demand was made on defendants. Thereupon His Honor held that the plaintiff was not entitled to recover. Judgment. Appeal by plaintiff.

*Messrs. Dowd & Walker*, for plaintiff.
*Mr. J. D. Shaw*, for defendants.

DILLARD, J. This case was presented to the court below on a motion for judgment on a case agreed and the other facts admitted in the pleadings, and His Honor held that the plaintiff was not entitled to recover and put his decision on the ground that the recognition of the bonds specified in the note sued on, in law involved not only an acknowledgment of their validity by the legislature, but also the making of provision for their payment in full, and from this refusal of judgment the case comes to this court by appeal.

The question of the right of the plaintiff to judgment depends upon a proper construction of the contract of defendants as set out in the note sued on in connection with the facts agreed and admitted in the pleadings. The note is for $315 and in so many words is *demandable and payable as soon as, and not before the legislature shall pass an act recognizing a certain class of bonds from Nos. 3,786 to 4,000 inclusive, issued under an act of the general assembly of the 16th of February, 1861, in favor of the Wilmington, Charlotte and Rutherford Railroad Company.*

It is a universal principle in the construction of instruments that the intent of the parties shall be regarded as indicated by the terms used so far as the rules of law will per-

mit.  And in order to ascertain the intent, the words used will be taken in their popular and ordinary sense, unless it is evident the parties used them in a different sense, or the same have a peculiar artificial or technical meaning.  Metcalf on Contracts 275; 1 Greenl. Ev. § 295.  Applying these rules, the word " recognizing," about which the main contention exists, must be understood in its usual and ordinary acceptation and none other, as there is nothing in the context or with reference to the subject matter which requires it to be used in a different sense.  The word " recognize " according to the best lexicographers signifies " to admit, to acknowledge something existing before," and if we apply this meaning to the word used in the note, the note in legal effect imports a promise to pay on the state's passing an act admitting or acknowledging the particular class of bonds referred to as genuine and binding, and as contradistinguished from other classes not obligatory.  It is manifest from the phraseology employed in immediate connection with the words under consideration, that the parties dealing with each other apprehended that the state had bonds, some of which she might regard as valid, whilst there might be others she would classify as not obligatory; and if in construing the instrument we take notice of the time of the issue of the bonds in question and the facts and circumstances in reference to which the parties may be reasonably presumed to have traded, it is quite certain that the parties at the time of their contract apprehended that there was some uncertainty whether the state would recognize the bonds issued under the act of the 16th of February, 1861, as free from, or subject to objection, as being connected with the war; and therefore it was, that the note was made payable on the contingency of an act being passed recognizing the particular bonds issued under said act of assembly as valid and as distinguished from such as might be classed as void.

18

It is admitted in the case agreed sent up to this court that various acts of assembly, and especially an act to compromise, commute and settle the state debt, ratified the 17th of March, 1875, were passed authorizing the treasurer to issue new bonds of the state in exchange for the bonds recognized by said acts, and it was admitted in the argument that the bonds referred to in the note sued on are part of those recognized in said act; but it is insisted by the defendants that the said act authorized new bonds at forty per cent. of the bonds issued in favor of the Wilmington, Charlotte and Rutherford railroad company only as a compromise, and therefore is not such a recognition as was to be made before the money is demandable according to the true intent and meaning of the contract sued on.

We think the state in said act of the legislature did recognize *the class of bonds*, of which the bonds in question were a part, as a valid subsisting debt, but offered to exchange new bonds for forty per cent. thereof as a compromise from inability to meet her engagements in full, as recited in the preamble to the enacting clause, and not from any objection to the validity of the bonds. We hold, therefore, that, according to the true construction of the note, a right of action accrued to the plaintiff on the said recognition of the *class of bonds* issued in favor of the Wilmington, Charlotte and Rutherford railroad company, and that the plaintiff was entitled to judgment on the case agreed.

There is error. The judgment of the court below is reversed and judgment will be entered in this court in favor of the plaintiff for the amount of the note declared on, to-wit, three hundred and fifteen dollars, with interest thereon from the 17th day of March, 1875, until paid.

Error.                   Judgment accordingly.